BRONSON LAW OFFICES, P.C.
H. Bruce Bronson, Esq.
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
hbbronson@bronsonlaw.net
*Counsel to Plaintiff/Plaintiff, 57-36 Myrtle Ave. LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In Re:

57-36 Myrtle Ave. LLC,

                    Plaintiff.

Chapter 11

Case No. 23-40482 (JMM)

-----------------------------------------------------------X

57-36 Myrtle Ave. LLC,

                      Plaintiff

    -against-

Gas Gas NYC Inc a/k/a Gas Gas NYC, a
Limited Liability Company; Mathew Bernard;
Matthew Martinez, John Doe "1"
through "100", and Jane Doe "1" through "100",
Corporations "1" through "100"

                    Defendants.

Adv. Pro. No. _____

-----------------------------------------------------------X

## **COMPLAINT**

      57-36 Myrtle Ave. LLC (the "<u>Plaintiff</u>"), the Plaintiff herein, by its counsel, the Bronson Law Offices, P.C., makes the following complaint against the defendants in this Adversary Proceeding and in furtherance thereof, alleges the following:

## **INTRODUCTION**

1. This adversary proceeding seeks the turnover of property specifically the vacating of the property of the estate and money damages arising out of the Defendant's ongoing breach of a lease agreement for the property located at 57-36 Myrtle Ave., Ridgewood 11385 (the "Property") as well as damages related to the Defendant's misuse of the Property.

## JURISDICTION AND VENUE

2. This adversary proceeding arises out of and necessarily relates to the chapter 11 bankruptcy case captioned *In re: 57-36 Myrtle Ave, LLC*, pending before the United States Bankruptcy Court for the Eastern District of New York, case number 23-40482 (jmm) (the "Bankruptcy Case").

3. This adversary proceeding is brought pursuant to Rule 7001(a), (c), (g) and (i) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. This Court has jurisdiction over this Application by virtue of 28 U.S.C. §§ 157 (a) and (b), 1334 (b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought by this Application are section 105(a) of the Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*) (the "Bankruptcy Code") and Bankruptcy Rule 2004. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This adversary proceeding seeks the turnover of the Property to the Plaintiff and the eviction of the nonpaying tenant, Gas Gas NYC Inc a/k/a Gas Gas NYC, a Limited Liability Company (the "Defendant").

6. This adversary proceeding also seeks monetary damages for nonpayment, use and occupancy and damage caused to the Property by the Defendant, Matthew Bernard and Matthew Martinez, who signed the Lease (collectively, the "Defendants").

## THE PARTIES

7. The Plaintiff is the debtor in the Bankruptcy Case.

8. The Plaintiff is a limited liability company formed in the state of New York for the purpose of holding title to the Property.

9. The Defendant was a tenant of and continues in possession of the Property. The Plaintiff owns the fee simple interest in the Property.

## FACTUAL ALLEGATIONS

10. On June 1, 2022, the Plaintiff and the Defendant entered into a lease agreement under which the Property would be leased to the Defendant in consideration of the rents and covenants the Property (the "Lease").

11. A true and accurate copy of the Lease is annexed hereto as **Exhibit A**.

12. The Lease provides for a term of five years commencing July 1, 2022, and terminating June 30, 2027, subject to an extension to 2030.

13. The Lease requires, *inter alia*, that the Tenant make rent payments commencing July 1, 2022.

14. The Lease requires Defendant to make minimum annual rent and additional rent or charges to the Plaintiff without notice of demand and without abatement, deduction or setoff.

15. The Lease provides that if the Defendant remains in possession of the Property after the termination of the Lease, Defendant's tenancy would be a tenancy at sufferance and Defendant would be liable to the Landlord in an amount equal to 150% of the highest monthly installment of minimum annual rent and additional rent due during the team of the Lease until such time as the Plaintiff recovered possession of the Property.

16. The Defendant is in default of the Lease by failing to make multiple rent payments.

17. The Defendant is currently in arrears to the Plaintiff by approximately $143,760, exclusive of "additional rent," fees and interest.

18. On about January 4, 2025, the Defendant, Gas Gas NYC was served with a 14-Day Notice to Tenant advising said Defendant that it was indebted to the Plaintiff in the amount of $119,720 and that failure to pay said amount before the expiration of 14 days would result in the commencement of summary proceedings to recover possession of the Property.

19. A true and accurate copy of said 14-Day Notice is annexed hereto as **Exhibit B**.

20. The Defendants have failed to cure the Defendant's default of the Lease.

21. The recovery of the Property is essential to the Plaintiff-Debtor's ability to reorganize.

22. The Defendant has made alterations to the Property.

23. The Defendant's alterations to the Property were not authorized by the Plaintiff.

24. The Defendant caused damage to the Property by making alterations thereto that were not permitted by the Lease or otherwise authorized by the Plaintiff.

25. During the pendency of the Bankruptcy Case Defendant entered into contracts of sale for the purchase of the Property in bad faith dating back to March of 2024 with no intention of following through.

26. A true and correct copies of drafts and executed sales contracts are attached as **Exhibit C.**

27. The Defendant misled the Plaintiff that it would buy the property solely to delay the Plaintiff from rejecting its lease and demanding payment of rent.

28. The sale contracts were completely negotiated, drafted by counsel for the Plaintiff and Defendants and signed by the parties only awaiting the security deposit.

29. However, the contracts were a fraud.

30. Defendants never put forth the deposit for the contract.

31. Defendants counsel ultimately resigned as counsel for the Defendants.

32. Counsel's resignation was a result of Defendants' bad faith.

33. Defendants' actions harmed the Plaintiff by causing extensive delays in the Plaintiff's bankruptcy case including harming the Plaintiff's ability to sell its property and confirm a plan of reorganization as well as causing the Plaintiff to incur significant costs.

34. The Plaintiff has had other offers for the Property contingent on it being vacant.

35. Plaintiff in good faith relied on Defendants' representation that it wanted to purchase the Property.

36. Plaintiff in good faith relied on Defendants' representations that they had the means to Purchase the Property.

37. The Plaintiff requires Defendants to vacate the Property in order to sell this commercial property vacant and without a non-paying tenant.

38. The Defendants continue to generate money from the use of the Property.

39. Defendants are not paying rent for the Property.

40. Plaintiff believes that Defendants are operating an event center.

41. The occupancy of the Property is for commercial purposes and the Property itself is a commercial property.

42. The Property constitutes property of the estate pursuant to 11 U.S.C. §541.

## COUNT ONE
### Turnover of the Property of the Estate

43. Plaintiff incorporates by reference all foregoing paragraphs as if fully restated here.

44. The Defendants are in possession of the Property despite its failure to pay rent pursuant to the Lease.

45. The Defendants' continued occupancy of the Property interferes with the Plaintiff-Debtor's ability to reorganize and deprives the bankruptcy estate of a crucial source of income.

46. The provisions of 11 U.S.C.§541(a) require an entity other than a custodian in possession, custody, or control of property that a Plaintiff may use, sell or lease under 11 U.S.C. §363 to be delivered to the Plaintiff.

47. The Plaintiff is therefore entitled to judgment directing Defendants to immediately surrender and turnover possession of the Property.

## COUNT TWO
### Monetary Damages for Use and Occupancy

48. Plaintiff incorporates by reference all foregoing paragraphs as if fully restated here.

49. Plaintiff is entitled to a monetary judgment against the Defendants in an amount to be ascertained by the Court for: (i) unpaid rent totaling no less than $143,760; (ii) unpaid additional rent; (iii) use and occupancy fees; (iv) late fees; (v) interest; (vi) damage to the Property caused by the Defendants or for which the Defendants are otherwise liable; and (vii) costs and disbursement of this action, including reasonable attorney fees.

## COUNT THREE
### Fraudulent Inducement and Detrimental Reliance

50. Plaintiff incorporates by reference all foregoing paragraphs as if fully restated here.

51. Plaintiff relied on the promise of Defendants to purchase the Property and in consideration thereof Plaintiff to pass up other offers to purchase its Property and negotiated with

Defendants for payment of the rent to its detriment and in doing so also incurred additional attorney fees and costs.

52. Plaintiff is entitled to an amount to be determined by the Court for damages due to Defendants' fraud.

## COUNT FOUR

### Unjust Enrichment

53. Defendants have been unjustly enriched by continuing to profit from the use of the Plaintiff's Property without justly compensating Plaintiff under the terms of its lease.

54. Plaintiff is entitled to the full amount of money earned by Defendants in their use of the Property that could be used to pay the amounts owed to Plaintiff under the terms of the lease and an amount to be determined by the Court for damages due to Defendants' unjust enrichment.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands:

(1) judgment directing Defendants to immediately surrender and turnover possession of the Property;

(2) eviction from the Property by the U.S. Marshalls should Defendants not immediately surrender and turnover possession of the Property;

(3) judgment against the Defendants in an amount to be ascertained by the Court for: (i) unpaid rent totaling no less than $143,760; (ii) unpaid additional rent; (iii) use and occupancy fees; (iv) late fees; (v) interest; (vi) damage to the Property caused by the Defendants or for which the Defendants are otherwise

7

      liable; and (vii) costs and disbursement of this action, including reasonable attorney fees;

(4) judgment against the Defendants in an amount to be ascertained by the Court for the damage caused to Plaintiff by Defendants' fraudulent inducement and detrimental reliance;

(5) judgment against the Defendants in an amount to be ascertained at by the Court for unjust enrichment for money earned by Defendants that should have been paid to Plaintiff under the terms of the lease; and

(5) for such other and further relief in Plaintiff's favor as the Court deems just and proper.

Dated: Harrison, NY
       February 14, 2025

    BRONSON LAW OFFICES, P.C.:

By: */s/H. Bruce Bronson*
    H. Bruce Bronson, Esq.
    480 Mamaroneck Avenue
    Harrison, NY 10528
    (914) 827-5238 (tel.)

    *Counsel to Plaintiff/Plaintiff*
    *57-36 Myrtle Ave. LLC*